UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -- - X

ANTHONY SUGGS,

                Plaintiff,

       - against -          <u>REPORT AND</u>
                                 <u>RECOMMENDATION</u>

CROSSLANDS TRANSPORTATION, INC. and
MAMDOUGH EL SAYED,              CV 13-6731 (ARR)(MDG)

                Defendants.

- - - - - - - - - - - - - - - - - -X

TO: THE HONORABLE ALLYNE R. ROSS:

    Plaintiff Anthony Suggs seeks recovery of unpaid overtime wages from defendants Crosslands Transportation, Inc. and Mamdough El Sayed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq.</u>, as well as pendent state claims under the New York Labor Law.  After defendants failed to answer or otherwise respond to the complaint, the Honorable Allyne R. Ross referred to me plaintiff's motion for default judgment to report and recommend.  Defendants have not filed a response to plaintiff's motion.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

    The following facts adduced from plaintiff's complaint are undisputed and are taken as true for purposes of deciding this motion.  <u>See</u> <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty</u>

Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).

From mid-2007 through August 2013, plaintiff was employed by defendants as a chauffeur driver of limousines and other vehicles.  Compl. (ct. doc. 1) at ¶ 7.  Defendant Crosslands Transportation, Inc. ("Crosslands") is a limousine and transportation company in Long Island City, New York.  Id. at ¶ 5.  Defendant Sayed is the Chief Executive Officer of Crosslands.  Id. at ¶¶ 1, 6.

While employed by the defendants, plaintiff worked six days per week for 12 hours per day for a total of 72 hours per week at the weekly salary of $550.00.  See id. at ¶¶ 16, 17.  Although Suggs worked more than forty hours per week, the defendants failed to pay him overtime wages.  Id. at ¶ 18.  In addition, plaintiff did not receive from defendants any portion of the 20% service charge defendants automatically charged their customers as a gratuity.  Id. at ¶¶ 19, 20.

Defendants classified plaintiff as an independent contractor.  Id. at ¶ 8.  However, plaintiff was permitted to work only the hours assigned to him, could drive only the customers assigned to him by defendants' dispatcher and was required to drive defendants' vehicles.  Id. at ¶¶ 10-12.  Plaintiff was allowed to charge only the rates set by defendants and never directly received payments from defendants' customers.  Id. at ¶ 12.

Plaintiff commenced this action on December 2, 2013.  See

ct. doc. 1.   The defendants failed to timely file an Answer or otherwise respond to the pleading.   The plaintiff followed with a motion for entry of default judgment which he supplemented at the Court's direction.   See ct. docs. 10, 14.

## DISCUSSION

### I.   Governing Legal Standards

A defendant's default is an admission of all well-pleaded factual allegations in the complaint except those relating to damages.   See Greyhound, 973 F.2d at 158; Griffiths v. Francillon, 2012 WL 1341077, at *2 (E.D.N.Y. 2012).   A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged.   See Greyhound, 973 F.2d at 159.   The movant need prove "only that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."   Id.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment.   The court has the discretion to require an evidentiary hearing or to rely on detailed affidavits or documentary evidence in making this determination.   See Action S.A. v. Marc Rich and Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991) (quoting Fustok v. Conticommodity Serv, Inc., 873 F.2d 38, 40 (2d Cir. 1989)); Chun Jie Yin v. Kim,

-3-

2008 WL 906736, at *2 (E.D.N.Y. 2008) (collecting cases); Fed. R. Civ. P. 55(b)(2).  The moving party is entitled to all reasonable inferences from the evidence it offers.  See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Au Bon Pain, 653 F.2d at 65 (citing TWA, Inc. V. Hughes, 308 F. Supp. 679, 683 (S.D.N.Y. 1969)); DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003).

## II. Liability

Plaintiff brings claims under the FLSA and the New York Labor Law alleging that defendants failed to pay him overtime and under the New York Labor Law for defendants' failure to pay plaintiff the gratuities collected from his customers.

### A.   FLSA Claims

The FLSA was enacted by Congress "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers.'"  Barrentine v. Arkansas-Best Freight Sys. Inc., 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)) (footnote omitted).  Section 207 specifies that an employer must pay employees who work in excess of forty hours during a workweek for the excess hours "at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  Employers that violate

-4-

this provision "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  Id. § 216(b).

In addition, section 211(c) of the FLSA requires that covered employers "make, keep and preserve . . . records" of their employees with respect to "wages, hours, and other conditions and practices of employment" for a certain period of time.  Id. § 211(c).  The requirements for information that must be kept in these records are set forth in 29 C.F.R. § 516.2(a)(1)-(12).[1]  Section 215(a)(5) of the FLSA makes it unlawful for any employer covered under the statute to violate any of these record-keeping provisions.  See 29 U.S.C. § 215(a)(5).

An employer is liable for wages under the FLSA if it hires an employee who either: 1) is engaged in commerce or in the production of goods for commerce or 2) is employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce.  29 U.S.C. §§ 203(r),(s), 207(a).  An employee engages in commerce by "performing work involving or related to the movement of persons or things . . . among the several States."  29 C.F.R. § 779.103.  Plaintiff states that he

---

[1]  Such regulations "have the force of law, and are to be given controlling weight unless they are found to be arbitrary, capricious, or manifestly contrary to statute.  Freeman v. Nat'l Broad. Co., 80 F.3d 78, 82 (2d Cir. 1996) (citations omitted).

drove defendants' vehicles and there were occasions when he drove
defendants' customers outside of the state of New York.
Declaration of Anthony Suggs ("Suggs Decl.") at ¶¶ 3, 8 (ct. doc.
14-1).  Plaintiff also attaches two vouchers supplied by
defendants which refer to a 1-800 telephone number for "outside
New York City."  See Exh. A to Suggs Decl. at ¶ 11 (ct. doc. 14-
2).  Plaintiff further alleges that defendants generated gross
sales volume of over $500,000.  See Suggs Decl. at ¶ 3. These
allegations are sufficient to establish that Plaintiff was
engaged in commerce and was employed by an enterprise engaged in
interstate commerce.  See West v. Aventura Limousine & Transp.
Serv., 2012 WL 3516507, at *2 (S.D. Fla. 2012); Ramos v. Aventura
Limousine & Transp. Serv., Inc., 2012 WL 3834962, at *1 (S.D.
Fla. 2012).[2]

--------

   [2]  This Court notes that the courts in this Circuit have
disagreed on the propriety of considering evidence beyond the
allegations in a complaint in determining liability of defendants
sued under the FLSA.  Compare Ocasio v. Big Apple Sanitation,
Inc., 2015 WL 502226, at *2 (E.D.N.Y. 2015) ("the Court will not
consider [affidavits] in making its liability determination on a
motion for default judgment") with Cao v. Chandara Corp., 2001 WL
34366628, at *4 (S.D.N.Y. 2001) (relying on affidavit in finding
liability under FLSA).  As a preliminary matter, this Court
agrees with the view of courts that because the question of
enterprise status is an issue that goes to the merits of a
plaintiff's claims rather than subject matter jurisdiction, the
question of Defendants' status as an enterprise under the FLSA
engaged in commerce, is "deemed proven by Defendants' default."
Velez v. Vassallo, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002)
(denying motion to vacate default judgment) (citing Au Bon Pain,
653 F.2d at 65); Ciner Mfg. Co. v. S.M. Gold Fashion Mfg. Corp.,
1997 WL 193330, at *1 (S.D.N.Y. 1997); see also Monterossa v.
Martinez Restaurant Corp., 2012 WL 3890212 at *2 -3 (S.D.N.Y.
                                               (continued...)

In addition, "[t]he overtime provisions of the FLSA and New York Labor Law apply only to individuals who are 'employees.'" Schwind v. EW & Assocs., 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005).  Although defendants classified plaintiff as an independent contractor, "an employer's self-serving label of workers as independent contractors is not controlling." Brock v. Superior Care, Inc., 840 F.2d 1054, 1056 (2d Cir. 1988); Zhong v. Zijun Mo, 2012 WL 2923292, at *3 (E.D.N.Y. 2012).  In light of the broad definition of the persons considered to be employees under the FLSA, the Second Circuit has found allegations which simply "state where the plaintiffs worked, outline their positions, and provide their dates of employment" sufficient to support a finding of employee status to withstand a motion to dismiss.  See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 91 (2d Cir. 2013).  Here, because plaintiff provides information in the complaint as to where he worked, his position and the dates of his employment, he has sufficiently alleged employee status, id., notwithstanding defendants' attempt to characterize

_____

[2](...continued)
2012) (not imposing burden on plaintiff to establish enterprise status in denying summary judgment motion) (collecting cases).

In any event, as the Second Circuit recently noted in Bricklayers and Allied Craftworkers Local 2 v. Moulton Masonry & Construction, LLC, -- F.3d --, 2015 WL 795290 (2d Cir. 2015), a case brought under ERISA, 29 U.S.C. § 1001 et seq., a finding of individual liability under ERISA may be based on "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiffs...." Id. at *5 (emphasis added).

plaintiff as an independent contractor.

In any event, the allegations in the complaint are also sufficient to satisfy the "economic reality" test that courts in the Second Circuit apply in determining whether a person is an employee under the FLSA.  Under the "economic reality" test, courts consider: (1) the degree of the employer's control over the worker; (2) the worker's opportunity for profit or loss and his investment in the business; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) the extent to which the work is an integral part of the employer's business.  Brock, 840 F.2d at 1056.  As the Second Circuit explained in Brock:

> No one of these factors is dispositive;
> rather, the test is based on the totality of
> the circumstances.  The ultimate concern is
> whether, as a matter of economic reality, the
> workers depend upon someone else's business
> for the opportunity to render service or are
> in the business for themselves.

Id.  Based on these considerations, I find that Suggs was an employee, not an independent contractor.

As to the first factor, defendants controlled the extent and conditions of plaintiff's employment; besides setting plaintiff's work hours, defendants required plaintiff to accept only the customers and fares assigned to him.  Compl. at ¶¶ 10-11, 16-17. Defendants further required that plaintiff use defendants' vehicles to drive their customers, and would not permit plaintiff

to work as a driver for other limousine companies.  Id. at ¶¶ 12, 13.  In addition, although defendants automatically charged its customers a 20% service charge, which plaintiff alleges was intended to be plaintiff's gratuity, defendants withheld this gratuity from plaintiff.  Id. at ¶¶ 19, 20.

Second, plaintiff received only a weekly salary from defendants as his compensation.  Accordingly, plaintiff had no opportunity for profit and loss and had no investment in the business.

The other factors also weigh in favor of finding that Suggs was an employee.  As a chauffeur, plaintiff's employment did not require special skills.  In addition, the substantial duration of his employment supports the finding that Suggs was an employee.  Plaintiff's services as a chauffeur driver were an integral part of defendants' limousine business.

Based on the totality of these circumstances, plaintiff was clearly defendants' employee entitled to be properly compensated under the FLSA and not an independent contractor.  See 29 U.S.C. § 207; N.Y. Lab. Law § 652.  Because Suggs alleges that he was not paid overtime for the 72 hours of work that he performed every week, defendants are liable to Suggs for damages under the FLSA.

Plaintiff seeks to hold individual defendant El Sayed jointly and severally liable with the corporate defendant as an "employer."  "The 'economic reality' test applies equally to

whether workers are employees and to whether managers or owners are employers." <u>Irizarry v. Catsimatidis</u>, 722 F.3d 99, 104 (2d Cir. 2013). However, the factors considered in determining whether a defendant is an "employer" are different than distinguishing between independent contractors and employees. <u>See</u> <u>id.</u> at 104-05. The four factors relevant to the "employer" inquiry are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." <u>Carter v. Dutchess Community College</u>, 735 F.2d 8, 12 (2d Cir. 1984).

The only allegation in the complaint specifically concerning El Sayed is that he is the chief executive officer of the corporate defendant. <u>See</u> Compl. at ¶ 6. "A defendant's status as CEO does not, in itself, qualify a defendant as an employer under the FLSA." <u>Juarez v. Precision Apparel, Inc.</u>, 2013 WL 5210142, at *6 (E.D.N.Y. 2013); <u>see</u> <u>Irizarry</u>, 722 F.3d at 109-110; <u>Rodriguez v. Almighty Cleaning, Inc.</u>, 784 F. Supp. 2d 114, 128-29 (E.D.N.Y. 2011). However, the complaint contains additional allegations concerning the actions of the "defendants" collectively including, that the defendants "had a high degree of direction and control of [plaintiff's] work," assigned his work hours, told him he would be paid $550 per week by check on each Monday, and directed which customers he should transport and the

rates he could charge.  See Compl. at ¶¶ 9-11, 15, 16.  The Court
may attribute these actions to the individual defendant.  See
Shim v. Millennium Group, 2010 WL 409949, at *2 (E.D.N.Y. 2010)
(finding individual defendant liable based on allegations against
defendants collectively).  Plaintiff's allegations regarding
defendants' actions satisfy at least two of the Carter factors.
Under the totality of the circumstances, I find that plaintiff's
allegations in the complaint are sufficient to establish that
defendant El Sayed had sufficient control over plaintiff's
employment as to find him liable as an "employer."

     Moreover, in his declaration, plaintiff states that "[w]hen
I was hired, El Sayed told me that I was an independent
contractor and that I would be paid $550.00 a week and that I had
to work six days a week, 12 hours a day, for a total of 72 hours
a week."  Suggs Decl. at ¶ 4.  Drawing all reasonable inferences
in plaintiff's favor, such evidence is sufficient to establish
that El Sayed was personally involved in plaintiff's hiring and
setting the terms and conditions of his employment.  See
Irizarry, 722 F.3d at 111 (requiring "some involvement in the
company's employment of the employees").  Accordingly, I
recommend that El Sayed be found liable as an employer under the
FLSA.  See Herman, 172 F.3d at 140 (finding individual was
"employer" where individual hired plaintiffs, paid plaintiffs,
and "supervised and controlled employee work schedules and
conditions of employment").

B. New York Labor Law Claims

New York's Labor Law is the state analogue to the federal FLSA.  Although the Labor Law does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of sales, it otherwise mirrors the FLSA in most aspects, including its wage and overtime compensation provisions.  Chun Jie Yun v. Kim, 2008 WL 906736, at *4 (E.D.N.Y. 2008); see N.Y. Lab Law § 652 (minimum hourly wage); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.1 (a) (1) (same); id. Sec. 142-2.2 (same methods as employed in the FLSA for calculating overtime wages).  The Labor Law also expressly provides that employees are entitled to recover all unpaid wages.  See N.Y. Lab. Law § 198(3); Chun Jie Yin, 2008 WL 906736, at *6; Jowers v. DME Interactive Holdings, Inc., 2006 WL 1408671, at *9 (S.D.N.Y. 2006).

In addition, under the Labor Law, employers are prohibited from retaining employees' gratuities.  N.Y. Labor Law § 196-d. Specifically, section 196-d provides that "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."  N.Y. Labor Law § 196-d.

The standard for determining whether a worker is an employee or an independent contractor under New York Labor Law varies

-12-

somewhat from the FLSA, focusing on "the degree of control exercised by the purported employer" as opposed to the economic reality.  See Velu v. Velocity Express, Inc., 666 F. Supp. 2d 300, 307 (E.D.N.Y. 2009).  The relevant inquiry under state law is whether the worker: 1) worked at his convenience; 2) was free to engage in other employment; 3) received fringe benefits; 4) was on the employer's payroll; and 5) was on a fixed schedule. Bynog v. Cipriani Grp., Inc., 1 N.Y.3d 193, 198 (2003).  As discussed above, defendants set both plaintiff's work schedule and number of hours, required plaintiff to work only for them, and kept plaintiff on defendants' payroll.  Thus, plaintiff was an employee under New York law.

For the same reasons discussed above with respect to the FLSA, the allegations in the complaint and default submissions are sufficient to impose liability on defendants under the Labor Law's overtime provisions.[3]  See Debejian v. Atl. Testing Labs., Ltd., 64 F. Supp. 2d 85, 87 n.1 (N.D.N.Y. 1999) (finding New York Labor Law provisions "substantially similar to the federal scheme" such that its analysis of federal law would apply equally to claims brought under the FLSA and New York law).

Moreover, plaintiff's allegation that defendants refused to pay plaintiff gratuities collected from customers even though

---

[3] "Courts in this circuit have held that the same analysis applies when determining whether defendants are jointly liable as employers under the FLSA and the NYLL." Rodriquez, 784 F. Supp. 2d at 128 (citing cases).

they imposed a service charge is sufficient to establish that defendants are liable under the Labor Law for plaintiff's gratuities as well. See Ting Yao Lin v. Hayashi Ya II, Inc., 2009 WL 289653, at *5 (S.D.N.Y. 2009) (awarding gratuities withheld in violation of the New York Labor Law).

## III. **Damages**

A.   Damages Period

The limitations period for claims brought under the FLSA is two years, but for willful violations, the period is three years. See 29 U.S.C. § 255(a).  To demonstrate willfulness, plaintiff must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009).  Generally, courts have found that a defendant's default establishes willfulness.  See Hernandez v. PKL Corp., 2013 WL 5129815, at *2 (E.D.N.Y. 2013); Gurung v. Malhotra, 851 F. Supp. 2d 583, 591 (S.D.N.Y. 2012); Rodriquez v. Queens Convenience Deli Corp., 2011 4962397, at *2 (E.D.N.Y. 2011).  Moreover, by defaulting, defendant has waived any statute of limitations defense.  See Gurung, 851 F. Supp. 2d at 592; Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 87 (S.D.N.Y. 2012).  Plaintiff alleges that defendants refused to compensate plaintiff for overtime despite his repeated complaints.  Compl. at ¶ 1; Suggs

-14-

Aff. at ¶ 16.  These allegations and defendant's default are sufficient to support a finding of willfulness to trigger application of the longer three year FLSA limitations period. Claims brought under the New York Labor Law are subject to a six year limitations period.  N.Y. Labor Law § 198(3), 663(3).  Thus, plaintiff can seek damages only from six years prior to the date the complaint was filed or December 2, 2007.

   B.   Recoverable Damages

   Plaintiffs who successfully claim violations of section 207 of the FLSA are entitled to "their unpaid overtime compensation" and "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  If the violation is deemed to be "willful," plaintiffs are further entitled to liquidated damages under New York Labor Law.  N.Y. Lab. Law § 198(1-a) (2008).[4]  In addition, under New York Labor Law, plaintiffs are entitled to recover the amount of gratuities that were unlawfully retained by defendants. See Ting Yao Lin, 2009 WL 289653, at *5 (granting plaintiff's request for damages for lost tips); Chan v. Sung Yue Tung Corp., 2007 WL 313483, at *20-*21, *25 (S.D.N.Y. 2007) (finding that plaintiffs had a right under the New York Labor Law to collect tips unlawfully retained by defendants).

   In calculating damages, this Court relies on the submissions

---

   [4] Effective November 24, 2009, the burden is on the employer to prove a good faith basis to believe that its underpayment of wages was lawful to avoid imposition of liquidated damages.  See N.Y. Labor Law §§ 198, 663.

of plaintiff and has not required a hearing.  The Second Circuit
has expressly endorsed this approach so long as the court has
"'ensured itself that there was a basis for the damages specified
in a default judgment.'"  Transatlantic Marine Claims Agency, Inc
v. Ace Shipping Corp., 109 F.3 105, 111 (2d Cir. 1997) (quoting
Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir.
1989)).  Plaintiff has submitted a sworn declaration containing
information as to rates of pay and estimates of hours worked
based on his recollection.  Plaintiff also states that defendants
automatically charged customers a 20% service charge, which he
never received.  Plaintiff's counsel used plaintiff's declaration
to calculate the hours worked by plaintiff, and the wages owed by
defendants to plaintiff.  Since the defendants have failed to
dispute plaintiff's allegations, I find that plaintiff has
provided a sufficient basis to determine damages.

     Generally, an employee-plaintiff under the FLSA "'has the
burden of proving that he performed work for which he was not
properly compensated.'"  Anderson v. Mt. Clemens Pottery Co., 328
U.S. 680, 687 (1946), superceded on other grounds by The Portal-
to-Portal Act of 1947, 29 U.S.C. § 251, et seq.  As the Supreme
Court recognized in Anderson, "[e]mployees seldom keep . . .
records [of hours worked] themselves; even if they do, the
records may be and frequently are untrustworthy."  Id.
Therefore, the easiest way for an FLSA plaintiff to discharge his
or her burden of proof is, generally, to "secur[e] the production

of those records" from the employer, who has the duty to maintain such records under section 11(c) of the FLSA.  Id.  However, by defaulting, defendants have deprived plaintiff of the necessary employee records required by the FLSA, thus hampering plaintiff's ability to prove his damages.

In addressing the problem of proof faced by employees, the Supreme Court in Anderson held that "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Id.  As courts have found, a plaintiff can meet this burden "by relying on recollection alone."  Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005); see also Padilla v. Manlapaz, 643 F. Supp. 2d 302, 307 (E.D.N.Y. 2009); Park v. Seoul Broad. Sys. Co., 2008 WL 619034, at *7 (S.D.N.Y. 2008); Chan, 2007 WL 313483, at *24. Moreover, "in the absence of rebuttal by defendants," Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 625 (S.D.N.Y. 1998), or "[w]here the employer has defaulted, [as here, the employee's] recollection and estimates of hours worked are presumed to be correct," Pavia v. Around the Clock Grocery, Inc., 2005 WL 4655383, at *5 (E.D.N.Y. 2005) (internal citations and quotation marks omitted); see also Harold Levinson Assocs., Inc. V. Chao, 37 Fed. App'x 19, 20 (2d Cir. 2002).  "The employer cannot be heard to complain that the damages lack the exactness and

-17-

precision of measurement that would be possible had he kept records in accordance with [the FLSA's record-keeping provisions]." Anderson, 328 U.S. at 688.

New York law goes one step further and requires that employers who fail to maintain the appropriate records "bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements," N.Y. Lab. Law § 196-a; see Padilla, 643 F. Supp. 2d at 307.  With this framework in mind, the Court proceeds to its calculation of damages.

    C.   Determination of Damages

        1.   Overtime Wages

Plaintiff seeks overtime compensation for the duration of his employment with defendants from mid-2007 through August 2013 and claims he was not paid time and one-half for those hours he worked beyond 40 hours during a given week.  Since he claims that he worked 72 hours every week, he is entitled to unpaid overtime pay each week, but only from December 2, 2007, six years before he commenced this action, until August 2013.  Plaintiff has calculated the amount of overtime pay by multiplying the number of estimated overtime hours by one-half of his hourly rate as discussed below.

        a.   Determination of Hourly Wage

In order to calculate overtime wages owed, the court must first determine the "regular rate" received by plaintiff.  See 29 U.S.C. § 207(a)(1).  The regular rate is defined in the

-18-

implementing regulations "as the hourly rate actually paid the employee for the normal nonovertime workweek for which [they are] employed."  29 C.F.R. § 778.108.  The regulation also makes clear that this regular rate "must be drawn from what happens under the employment contract."  Id.

Because plaintiff was compensated on a weekly basis, the regular hourly rate is determined by "dividing the salary by the number of hours which the salary is intended to compensate."  29 C.F.R. § 778.113.  Some courts in this circuit have found that "[a]bsent an agreement that the contracting parties understand the weekly salary to include overtime hours at the premium rate, . . . a weekly salary covers 40 hours."  See Berrios v. Nicholas Zito Racing Stable, Inc., 849 F. Supp. 2d 372, 387 (E.D.N.Y. 2012); Said v. SBS Elecs., Inc., 2010 WL 1265186, at *7 (E.D.N.Y. 2010) (quoting Giles v. City of New York, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)).  However, plaintiff calculates that his regular rate of pay was $7.64 per hour based on a weekly salary of $550.00 and being paid for all 72 hours per week ($550 / 72 hours).  Plaintiff's calculation is reasonable since he apparently was required to work 72 hours regularly and was paid a flat salary for all of the hours worked.

b.  Determination of Overtime Pay

The court must then calculate overtime pay by multiplying the number of hours worked in a week beyond 40 hours by the overtime rate, which is one-half of the hourly rate as discussed.

-19-

See 29 C.F.R. § 778.110(a).  This Court finds reasonable
plaintiff's calculations of overtime hours.  Since he worked 72
hours each week, plaintiff is entitled to recover overtime pay
for the 32 overtime hours he worked each week from December 2007
through August 2013 at a rate of $3.82 per hour ($7.64 / 2).
Accordingly, plaintiff is entitled to overtime wages of $122.24
($3.82 * 32 overtime hours) per week during this time period.
Since the time period in question is 300 weeks long, defendants
owe plaintiff a total of $36,672.00 ($122.24 * 300 weeks) in
unpaid overtime wages.

    2.   Tips

    Plaintiff also seeks payment under the New York Labor Law
for service charges wrongfully withheld by defendants.  As
discussed, plaintiffs may recover the amount of lost gratuities.
Plaintiff states that he generated at least $3,000 in fares
weekly and defendants collected a 20% service charge.  Therefore,
from December 2007 through August 2013, defendants failed to pay
gratuities totaling $600 ($3,000 * 20%) per week.  Since the time
period in question is 300 weeks long, defendants owe plaintiff a
total of $180,000.00 ($600 * 300 weeks) in unpaid gratuities.

    3.   Liquidated Damages

    Plaintiff also seeks liquidated damages under both the FLSA
and New York's Labor Law.  Liquidated damages under the FLSA are
"compensation to the employee occasioned by the delay in
receiving wages caused by the employer's violation of the FLSA."

Herman v. RSR Secs. Servs., Ltd., 172 F.3d 132, 141-42 (2d Cir. 1999).  In contrast, "liquidated damages under the Labor Law 'constitute a penalty' to deter an employer's willful withholding of wages due." Reilly v. Natwest Mkts. Group Inc., 181 F.3d 253, 265 (2d Cir. 1999).

District courts in this circuit are divided as to whether overlapping liquidated damages awards are available under the FLSA and the New York Labor Law.  The majority view is that plaintiffs may recover liquidated damages under both statutes because each award serves fundamentally different purposes. See Sanchez v. Viva Nail N.Y. Inc., 2014 WL 869914, at *5 (E.D.N.Y. 2014); Maliza v. 2001 MAR-OS Fashion, Inc., 2010 WL 502955, at *1 & n.4 (E.D.N.Y. 2010); Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008); cf. Reilly, 181 F.3d at 265 (plaintiff may recover both liquidated damages under New York Labor Law and pre-judgment interest "because [they] serve fundamentally different purposes").  However, there is an emerging trend towards denying a cumulative recovery of liquidated damages because under amendments effective April 9, 2011 increasing liquidated damages from 25% to 100% and earlier amendments changing the standard of proof, the Labor Law liquidated damages provision now closely parallels the FLSA provisions. See Man Wei Shiu v. New Peking Taste Inc., 2014 WL 652355, at *18 (E.D.N.Y. 2014); Gortat v. Capala Bros., 949 F. Supp. 2d 374, 381-82 (E.D.N.Y. 2013); see also N.Y. Lab. Law

§ 663(1).  While the reasoning of these courts is persuasive that reassessment of double liquidated damages is warranted, since the plaintiff's application here is uncontested, I recommend following the majority view and awarding liquidated damages under both federal and state law.

Section 216(b) of the FLSA provides that an employer shall be liable to any employee who is not paid overtime compensation "an additional equal amount as liquidated damages" unless the employer can show that it acted in good faith.  29 U.S.C. § 216(b).  As the defendants here have defaulted, they have not shown they acted in good faith.  See, e.g., Blue v. Finest Guard Services, Inc., 2010 WL 2927398, at *11 (E.D.N.Y. 2010) (finding that a defendant's default, in itself, may suffice to support a claim for liquidated damages); Dong v. CCW Fashion Inc., 2009 WL 884680, at *4-*5 (S.D.N.Y. 2009).  Since this court has found that plaintiff is entitled to unpaid overtime, I recommend an award of liquidated damages under the FLSA for the amount of unpaid overtime wages from December 2010 to August 2013, totaling $17,480.32 (122.24 * 143 weeks).

Plaintiff is also entitled to liquidated damages based on the amounts owed for overtime wages and unpaid gratuities under New York state law.  Prior to November 24, 2009, liquidated damages were imposed only if the employee demonstrated that the employer's violation was willful.  See Ke, 595 F. Supp. 2d at 261.  Effective November 24, 2009, New York law shifted the

burden to the employer to prove a good faith basis to believe that its underpayment of wages was in compliance with the law to avoid imposition of liquidated damages.  See N.Y. Lab. Law §§ 198, 663; 2009 N.Y. Sess. Laws ch. 372 §§ 1, 3.  As discussed above, defendants' default and plaintiff's allegations are sufficient to demonstrate defendants' willfulness.  In addition, effective on April 9, 2011, the amount of liquidated damages available under New York law was raised from 25% to 100% of the underpayments.  See 2010 N.Y. Sess. Laws ch. 564 §§ 1, 3; N.Y. Labor Law § § 198, 663.  Thus, I recommend that this Court award liquidated damages under the New York Labor Law for unpaid overtime wages and unpaid gratuities in the amount of $121,878.  Liquidated damages are calculated as follows:

| Dates | OT Due | Tips Due | Percentage | Liquidated Damages |
|---|---|---|---|---|
| 12/2/07–4/8/11 (175 weeks) | $21,392 | $105,000 | 25% | $ 31,598.00 |
| 4/9/11–8/31/13 (125 weeks) | $15,280 | $75,000 | 100% | $ 90,280.00 |
| TOTAL | | | | $121,878.00 |

In sum, the plaintiff is entitled to $356,030.32 under the FLSA and the New York Labor Law:[5]

---

[5] Plaintiff did not request an award of prejudgment interest.

-23-

| Overtime Wages | $ 36,672.00 |
|---|---|
| Unpaid Tips | $180,000.00 |
| FLSA Liquidated Damages | $ 17,480.32 |
| NY Liquidated Damages | $121,878.00 |
| Total Damages | $356,030.32 |

## IV.  **Attorneys' Fees and Costs**

The FLSA allows for an award of "reasonable" attorney's fees.  See 29 U.S.C. § 216(b).  Plaintiff bears the burden of proving the reasonableness of the fees sought.  See Savoie v. Merchants Bank, 166 F.3d 456, 463 (2d Cir. 1999).

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d 182, 188-90 (2d Cir. 2008); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989); see also Perdue v. Kenny A., 559 U.S. 542, 551-53 (2010) (discussing lodestar methodology).  In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case.  See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985).  If any expenditure of time was unreasonable, the court should exclude these hours from

the calculation.  See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133.  The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims."  Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).  A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records.  New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively."  Arbor Hill, 522 F.3d at 190.  The reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience and reputation."  Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)).  Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. See Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005); Chambless, 885 F.2d at 1059.  The "community" is generally considered the district where the district court sits. See Arbor Hill, 522 F.3d at 190.

Plaintiff seeks $13,050 in attorneys' fees for the work of

Ronald Weisenberg at the hourly rate of $375 for 34.8 hours.
According to Mr. Weisenberg's website, he is a solo practitioner
with 13 years of experience practicing labor and employment law.
See
http://rbwemploylaw.com/lawyer/aboutus/Experience--Background_pa7
778.htm.

As a preliminary matter, courts have found that the
prevailing hourly rate for partners in this district is between
$300 and $400.  See, e.g., Konits v. Karahalis, 409 Fed. App'x
418, 422-23, (2d Cir. 2011) (affirming holding that the
prevailing rates for experienced attorneys in the Eastern
District of New York range from approximately $300 to $400 per
hour); Gonzales v. Marin, 2014 WL 2514704, at *12 (E.D.N.Y.
2014); Jean v. Auto & Tire Spot Corp., 2013 WL 2322834, at *6
(E.D.N.Y. 2013); Colon v. City of New York, 2012 WL 691544, at
*21 (E.D.N.Y. 2012) (approving rate of $350 per hour for solo
practitioner); Concrete Flotation Sys., Inc. v. Tadco Constr.
Corp., 2010 WL 2539771, at *4 (E.D.N.Y. 2010) (collecting cases);
Luca v. County of Nassau, 698 F. Supp. 2d 296, 301-02 (E.D.N.Y.
2010); see also Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d
202, 207 (E.D.N.Y. 2007) (observing in FLSA case, that
"[o]verall, hourly rates for attorneys approved in recent Eastern
District of New York cases have ranged from $200 to $350 for
partners, $200 to $250 for senior associates, $100 to $150 for
junior associates, and $70 to $80 for legal assistants")

-26-

(citations omitted).  The rate of $375 per hour sought by
plaintiff is at the high end of the range of rates received by
similarly experienced attorneys in this district.  While Mr.
Weisenberg has considerable experience as a labor and employment
lawyer, his background is not as extensive as those attorneys who
"have been awarded rates on the higher end of the attorneys fees
spectrum."  Ueno v. Napolitano, 2007 WL 1395517, at *9 (E.D.N.Y.
2007) (awarding rates of $450, $400, and $350 for attorneys who
have practiced for 42, 21, and 20 years respectively and
collecting cases).  The small size of his law firm is also a
factor in determining a reasonable hourly rate.  See GuideOne
Specialty Mut. Ins. Co. v. Congregation Adas Yereim, 2009 WL
3241757, at *4 (E.D.N.Y. 2009); Vilkhu v. City of N.Y., 2009 U.S.
Dist. LEXIS 73696, at *9 (E.D.N.Y. 2009).

Also, "the nature of representation and type of work
involved in a case are critical ingredients in determining the
'reasonable' hourly rate."  Arbor Hill, 522 F.3d at 184 n.2
(citations omitted).  The nature of the work performed in this
matter was relatively straightforward, particularly since the
defendants defaulted, and no novel or complex issues were raised
by plaintiff.  An award of $350 per hour is consistent with
recent attorneys' fee awards in FLSA cases by this Court and
other judges in this district.  See Cuevas v. Ruby Enterprises of
N.Y., Inc., 2013 WL 3057715, at *2 (E.D.N.Y. 2013) (awarding
partners with 16 years and 18 years of experience $350 per hour);

-27-

Castellanos v. Deli Casagrande, 2013 WL 1207058, at *10 (E.D.N.Y. 2013) (awarding $350 per hour for partner); Jean, 2013 WL 2322834, at *7 (awarding $350 to attorney with 15 years of experience); Rosas v. Subsational, 2012 WL 4891595, at *10 (E.D.N.Y. 2012) (reducing hourly rate to $350 per hour).

Plaintiff's fee request is based on counsel having spent 34.8 hours litigating this case.  I find that the amount of time expended is excessive in light of the work completed and the complexity of the issues addressed in the plaintiff's pleadings and motion papers.  According to the billing records submitted, counsel spent 12.5 hours researching and drafting the eight page complaint here.  This is an unreasonable amount of time for an experienced labor and employment attorney to have spent on this complaint.  Moreover, counsel billed 2 hours for filing and serving the complaint.  Such administrative tasks should not be conducted by an attorney at their regular billing rate.  See Lee v. Santiago, 2013 WL 4830951, at *11 (E.D.N.Y. 2013).  Counsel also spent 19.8 hours preparing the default submissions.  Those submissions consisted of an initial seven page pro forma motion for default judgment, later supplemented by a five page memorandum of law, a three page declaration of plaintiff, some exhibits, including some charts reflecting identical calculations of damages for all the weeks in question, and a one page declaration regarding fees.  The first chart for 2007, included calculations for weeks worked more than six years before

-28-

plaintiff filed this action. Because the quality and complexity of the submissions in this case do not reflect 34.8 hours of work, this Court finds that a reduction in fees is warranted. In doing so, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" <u>Kirsch v. Fleet Street, Ltd.</u>, 148 F.3d 149, 173 (2d Cir. 1998) (quoting <u>Carey</u>, 711 F.2d at 1146). Here, I find that a 30% reduction in the number of hours claimed is warranted. Thus, I respectfully recommend awarding fees of $8,526.00 (24.36 hours * $350).

Plaintiff further requests an award of $400.00 for the court filing fee. Since court filing fees are routinely recoverable, and are included in the costs recoverable under 28 U.S.C. § 1920(6), I recommend awarding plaintiff costs of $400.00.

<u>**CONCLUSION**</u>

For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be granted against defendants in the amount of $364,956.32, consisting of unpaid overtime wages of $36,672.00, $180,000.00 in unpaid gratuities, liquidated damages under the FLSA of $17,480.32, liquidated damages under the New York Labor Law of $121,878.00, attorneys' fees of $8,526.00, and costs of $400.00.

This report and recommendation will be electronically filed and notice sent to defendants by mail on this date. Any

objections to this Report and Recommendation must be filed, with
a courtesy copy sent to Judge Ross, by March 23, 2015.  Failure
to file objections within the specified time waives the right to
appeal.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

       **SO ORDERED.**

Dated:  Brooklyn, New York
       March 4, 2015

                         /s/_____
                         MARILYN D. GO
                         UNITED STATES MAGISTRATE JUDGE